***********
The undersigned have reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing parties have shown good grounds to reconsider the evidence and amend the Order.
Deputy Commissioner Taylor's Opinion and Award in this case filed on March 23, 2001 includes the following findings of fact:
 22. Plaintiff presented to Dr. Wells on October 6, 1999 with anxiety with panic attacks and depression, all severe. Plaintiff was not overtly suicidal, but wished that he would die before he woke up in the morning. Dr. Wells has treated plaintiff with Serzone, Celebrex, Percocet, Dexedrine and Clonazepam. He has also treated plaintiff therapeutically. Dr. Wells is of the opinion that plaintiff had anxiety and depression with substance abuse in the past, but prior to his July 9, 1999 injury he was not having those problems and had been able to function. Plaintiff clearly had an exacerbation of emotional instability immediately following his September 9, 1999 injury.
 23. Plaintiff had pre-disposing emotional problems that made him susceptible to depression, anxiety and substance abuse but prior to his July 9, 1999 injury, he had succeeded and functioned well.
 24. Dr. Wells has also seen plaintiff's wrist swell significantly and is of the opinion that plaintiff's pain makes him even less able to cope. Dr. Wells is of the opinion: that plaintiff is not capable of working in his former job and that his severe depression and anxiety are related to being unable to work as a result of the injury on July 9, 1999, that plaintiff due to his work-related injury on July 9, 1999 is now unable to emotionally cope with his previous stresses as he was able to do in the past, that plaintiff's stress and anxiety significantly limit his capacity to tolerate stressful situations and the type of work environment which he could tolerate, and that at most plaintiff would need work in a sheltered workshop.
These findings of fact are adequate for the Full Commission to make a determination as to whether or not plaintiff is entitled to payment for psychological treatment for his compensable injury by accident prior to and/or following March 23, 2001. The Full Commission finds that plaintiff's psychological treatment beginning October 6, 1999 was related to his compensable injury by accident on July 9, 1999.
Therefore, the Full Commission hereby MODIFIES and AFFIRMS the Order of the Deputy Commissioner requiring defendants to pay for plaintiff's past psychological treatment with Dr. Wells beginning October 6, 1999 and plaintiff's future psychological treatment with a psychiatrist of the defendants' choosing until further Order of the Commission or plaintiff returns to work.
This the ___ day of November 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER